NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RONALD H. TUTTLE, | : | CIV. NO. 20-7192 (RMB-KMW) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| C.O. TUTELA, | : | |
| Defendant | : | |

BUMB, United States District Judge

This matter comes before the Court upon Plaintiff's motions for default judgment (Dkt. Nos. 12, 13) and his motion for writ of mandamus, seeking resolution of his motions for default judgment and revocation of the extension of time for Defendant to file an answer to the complaint. (Dkt. No. 17.) For the reasons discussed below, the Court will direct the Clerk to docket and address Plaintiff's motions for default judgment as requests for entry of default under Federal Rule of Civil Procedure 55(a), and the Court will deny Plaintiff's motion for writ of mandamus.

I. BACKGROUND

Plaintiff, Ronald H. Tuttle, a prisoner confined in the Federal Correctional Facility in Oakdale, Louisiana, acting pro

se, filed this Bivens action against Defendant C.O. Tutela[1] on June 12, 2020. (Compl., Dkt. No. 1.) Upon receipt of the filing fee, the Court permitted the complaint to proceed, after screening for dismissal pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1). (Order, Dkt. No. 7.) On December 9, 2020, the Clerk of Court issued a summons for service of the complaint on Defendant Tutela. (Dkt. No. 10.) Plaintiff filed his first motion for default judgment on March 2, 2021. (Mot. for Default, Dkt. No. 12.) Plaintiff filed a second motion for default judgment on March 18, 2021. (Mot. for Default, Dkt. No. 13.) On March 22, 2021, the Court received a letter from Plaintiff, explaining that he sent a motion for default to the Clerk of Court under Federal Rule of Civil Procedure 55(a) and a courtesy copy of the motion to the undersigned. (Letter, Dkt. No. 14.) On March 23, 2021, the Court received a "Process Receipt and Return" indicating that the United States Marshal's Service delivered the summons and complaint to Corrie Dobovich, a paralegal at the Federal Correctional Institution in Fort Dix, New Jersey, on March 17, 2021. (Process Receipt, Dkt. No. 15.)

On May 11, 2021, Defendant C.O. Tutela filed an application for an extension of time to answer, move or otherwise respond to

---

[1] The Court has corrected the spelling of Defendant's name consistent with the spelling used in Defendant's application for an extension of time under Local Civil Rule 6.1.

2

the Complaint under Local Civil Rule 6.1. (Application, Dkt. No. 16.) The Clerk granted the application and set the due date for June 1, 2021. (Clerk's Text Order, Dkt. No. 16.)

II. DISCUSSION

A plaintiff must obtain entry of default from the Clerk of Court before applying to the Court to convert a default into default judgment. Fed. R. Civ. P. 55(a), (b)(2). Plaintiff has not obtained an entry of default from the Clerk because he labeled his documents as motions for default judgment, implying that the motions fell under Federal Rule of Civil Procedure 55(b). In a letter from Plaintiff, received by the Court on March 22, 2021 (Letter, Dkt. No. 14), he explained that his motions for default (Mot. for Default, Dkt. Nos. 12, 13), were directed to the Clerk for entry of default under Federal Rule of Civil Procedure 55(a), with a courtesy copy sent to the undersigned. Therefore, the Court will direct the Clerk to treat Plaintiff's motions for default judgment (Dkt. Nos. 12, 13) as a request for entry of default pursuant to Federal Rule of Civil Procedure 55(a), and address the requests accordingly. Plaintiff's motion for writ of mandamus, insofar as he seeks a ruling on his motions for default judgment, is moot. Plaintiff also seeks to vacate the Clerk's entry of an extension of time for Defendant to answer the complaint. (Mot. for Writ of Mandamus, Dkt. No. 17.)

Local Civil Rule 6.1(b) provides that,

> The time within which to answer or reply to any pleadings as to which a responsive pleading is permitted may, before the expiration of the original deadline to answer or reply thereto, and with or without notice, be extended once for a period not to exceed fourteen days on order granted by the Clerk. Any other proposed extension of time must be presented to the Court for consideration.

Service was purportedly made on Defendant C.O. Tutela on March 17, 2021. (Process Receipt, Dkt. No. 15.) According to Federal Rule of Civil Procedure 12(a)(3),

> [a] United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

Defendant requested an extension of time to answer on May 11, 2017, prior to expiration of the 60-day period to file an answer in Federal Rule of Civil Procedure 12(a)(3). Therefore, the Court will deny Plaintiff's motion for writ of mandamus, seeking to revoke the Clerk's entry of extension of time to answer pursuant to Local Civil Rule 6.1.

III. CONCLUSION

For the reasons discussed above, the Court will direct the Clerk of Court to docket Plaintiff's motions for default judgment as requests for entry of default and address the requests accordingly

4

(Dkt. Nos. 12-13), and the Court will deny Plaintiff's motion for writ of mandamus.

An appropriate Order follows.

Date: **May 28, 2021**         s/Renée Marie Bumb
                               **RENÉE MARIE BUMB**
                               **Unites States District Judge**